**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SANDY WATERS, ET. AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:06CV876SNL |
| ) | |
| CITY OF ST. PETERS, ET. AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendants' motion for award of attorneys' fees and expenses as prevailing parties (#27), filed April 12, 2007. In connection with this filing, the defendants' have filed a joint Bill of Costs (#(22), filed April 12, 2007. Responsive pleadings have now all been filed.

### Bill of Costs

In their Bill of Costs, defendants seek the following costs:

| | |
|---|---|
| **Fees and disbursements for printing** | **$417.48** |
| **Fees for exemplification and copies of papers necessarily obtained for use in the case** | **$1016.83** |
| **Other costs** | **$3817.96** |

The "other costs" appear to be 1) $3729.75 for Westlaw research; 2) $46.09 for travel costs; and $42.12 for postage and facsimile costs.

Plaintiffs object to any award for costs primarily as being unreimbursable under 28 U.S.C. §1920 and for lack of supporting documentation.

Rule 54 Fed.R.Civ.P. does not broaden the scope of costs recoverable under §§1821 and 1920; it simply grants the Court the discretion to decline to tax costs in favor of the prevailing

party. This Court's practice has always been to adhere to the terms of 28 U.S.C. §§1821 and 1920, deviating only when counsel demonstrates extraordinary circumstances which necessitated the disputed cost(s) for purposes of dispositive motions or trial; otherwise, those costs incurred by counsel in the ordinary course of litigation are not normally taxable as costs to the losing party.

Firstly, computer-based legal research is not recoverable as either a taxable or non-taxable cost. <u>Standley, et. al. v. Chilhowee R-IV School District</u>, et. al, 5 F.3d. 319, 325 (8th Cir. 1993); <u>Leftwich v. Harris-Stowe State College</u>, 702 F.2d. 686, 695 (8th Cir. 1983); <u>Loudner v. United States of America</u>, 379 F.Supp.2d. 1048, 1057 (D.S.D. 2005); <u>Van Horn v. Specialized Support Services</u>, 269 F.Supp.2d. 1064, 1077 (S.D.Iowa 2003). Thus, the costs attributable to Westlaw research in the amount of $3729.75 will not be awarded as either taxable or non-taxable costs.

Next, plaintiff seeks recovery of copying costs in the amount of $417.48 and costs for "exemplification and copies of papers necessarily obtained for use in the case" in the amount of $1016.83. Copying costs are taxable when necessarily incurred "for use in the case". Thus, photocopy expenses for a prevailing party copying its own pleadings and motions for filing with the Court, serving on opposing counsel or transmitting to a client, copying documents to be produced in discovery, or copying research materials for convenience of counsel are not taxable. *See*, <u>Emmenegger v. Bull Moose Tube Co.</u>, 33 F.Supp.2d. 1127, 1133 (E.D.Mo. 1998).

Upon review of the defendants' submitted itemization of these copying costs, the Court is unable to discern the exact nature of the purpose of the costs incurred. Defendants' Exhibit A simply provides dates and the words "photocopy COSP(SI) - Waters". There is absolutely no description as to what was xeroxed or the purpose for the expended copying costs. As for Defendants' Exhibit B, it is a collection of invoices that appear to reference duplication of DVDs and some type of "research" on Pacer and NewsLibrary.com. Again, there is absolutely no

2

description as to what was copied or the purpose of the expended copying costs. At this point in time, the Court is unable to allow these costs as taxable costs. However, the Court will allow the defendants to supplement their submission for the taxing of these costs, and the Court will reconsider same upon such supplemental submission.

Finally, as to the travel and postage costs, although they also are minimally supported with proper documentation, the Court will allow these costs as submitted: travel - $46.09; and postage/facsimile - $42.12.

Thus, the total amount of costs taxed at this time is $88.21

**Attorney Fees**

Defendants seek attorneys' fees as "prevailing parties" pursuant to 42 U.S.C.§1988. They contend that despite "serving" the plaintiffs twice with Rule 11 Sanctions motions, the plaintiffs persisted in pursuing this litigation which had no basis in law or in fact. After careful consideration of the court file, the parties' pleadings, and the relevant caselaw, the Court will deny the defendants' motion for attorneys' fees.

42 U.S.C. §1988 provides for an award of attorneys' fees to a "prevailing party" in a §1983 lawsuit. However, the standard for such an award differs as to whether the "prevailing party" is a plaintiff or a defendant. In Christianburg Garment Co. v. EEOC, 434 U.S. 412, 415-22 (1978), the United States Supreme Court ruled that more rigorous standards apply for fee awards to defendants than to plaintiffs. The Court held that "a plaintiff should not be assessed [her] opponent's attorneys' fees unless a court finds that [her] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Id., 434 U.S. at 422. This general principle is not only applicable to fee awards under Title VII, but also to fee awards in civil rights litigation covered by §1988. Davis v. City of Charleston, Missouri, 917

3

F.2d. 1502, 1504-05 (8th Cir. 1990). The Eighth Circuit has consistently held that a defendant may recover fees under §1988 only upon "well-supported findings" that the lawsuit was "frivolous, unfounded, and vexatiously brought and pursued". Davis v. City of Charleston, Missouri, 917 F.2d. at 1505 *quoting* Davis v. City of Charleston, Missouri, 827 F.2d. 317, 322 (8th Cir. 1987); *see also*, American Family Life Assurance Co. v. Teasdale, 733 F.2d. 559, 569 (8th Cir. 1984). The issue of whether a plaintiff's action was frivolous, unreasonable, or without foundation is a matter of discretion with the district court. Dillon v. Brown County, Nebraska, 380 F.3d. 360, 365 (8th Cir. 2004); Garionis v. Newton, 827 F.2d. 306, 310 (8th Cir. 1987). Such discretion should be exercised carefully because the courts should "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation". Dillon, at 365 *quoting* Christianburg Garment Co., 434 U.S. at 421-22. Thus, the fact that a plaintiff's allegations ultimately prove legally insufficient to require a trial are not, for that reason alone, groundless or frivolous, Hughes v. Rowe, 449 U.S. 5 (1980); nor does the fact that a district court dismisses a case on immunity grounds mean that the action was frivolous or unreasonable, Garionis, *supra.*

After careful consideration of the matter, the Court is unable to find that the plaintiffs' claims were frivolous, unreasonable, or groundless. Plaintiffs tend to be very passionate about perceived interference with their First Amendment rights and the rigorous standard imposed upon "prevailing defendants" is meant to curb any chilling effect on plaintiffs who might be hesitant to vindicate the abuse of their civil rights for fear of a large fee award against them. However, the Court is mindful of the delicate balance that must be struck between protecting the exercise of First Amendment rights and the need to deter frivolous actions brought primarily to harass

4

defendants, such as public officials as in this case. Defendants contend that the plaintiffs continued to litigate even after they were served with the Rule 11 sanctions motions, and should have known that their claims were without any legal or factual foundation. Yet, these motions were never filed with the Court. If these motions were well-founded, and not used primarily as a means to frighten plaintiffs into dismissing their case, then such motions should have been filed with the Court.[1] Since they were not filed, the Court cannot consider the merits of these motions, even as exhibits, nor will the Court consider them as evidence of the frivolity of this lawsuit.

Defendants have failed to meet their burden and the instant motion for attorneys' fees will be denied.

In conclusion, the Court will direct the Clerk of the Court to tax costs in the total amount of $88.21. Furthermore, no attorneys' fees award shall be made to the defendants in this case.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motion for award of attorneys' fees (#27) be and is **DENIED**.

**IT IS FINALLY ORDERED** that the defendants' bill of costs (#22) shall be taxed in the total amount of $88.21.

Dated this ___29th___ day of June, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court has carefully reviewed the docket entries for this case; and at no time were either Rule 11 motion (Defendants' Exhibits 1 and 2) filed with this Court.